IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL ROGERS,<br><br>               Plaintiff,<br><br>vs.<br><br>JUSTIN NICHOLS, Sheriff; and DUNDY COUNTY SHERIFF DEPT,<br><br>               Defendants. | 8:23CV443<br><br>MEMORANDUM AND ORDER |

Plaintiff Michael Rogers filed his Complaint on October 10, 2023. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this suit under 42 U.S.C. § 1983 seeking damages against the Dundy County Sheriff's Department and Dundy County Sheriff Justin Nichols ("Nichols") for an alleged Fourth Amendment violation and defamation. On May 19, 2019, Plaintiff alleges Nichols violated his Fourth Amendment rights when Nichols seized Plaintiff's son's dirt bike, even though Plaintiff possesses all the documents to prove he owns the dirt bike, and Nichols defamed Plaintiff when he posted a community alert on Facebook identifying Plaintiff as a person of interest based "on false charges [and] false reports." Filing No. 1 at 5, 13.

As his injuries, Plaintiff alleges the following:

> I have been in and out of mental health hospitals since May 19, 2019, [and] was civilly committed in 2022. There needs to be an

> investigation into the attempt on my life by Dundy County Sheriff Justin Nichols. I will probably have to take medication for the rest of my life.

*Id.* at 6 (spelling and punctuation corrected).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U. S. 384, 387 (2007).  In Nebraska, § 1983 actions are limited by a four-year statute of limitations.  See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207.  Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413.  The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.  *Wallace*, 549 U.S. at 388.  Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim.  *Id.* at 391.  The statute of limitations is not tolled during a term of imprisonment absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights[.]"  *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

Here, the causes of action accrued on May 19, 2019, the date on which Nichols seized Plaintiff's property and posted the allegedly defamatory community alert.  See Filing No. 1 at 4–6.  Plaintiff did not file the current action until October 10, 2023, almost five months after the four-year statute of limitations expired.  The Court will allow Plaintiff an opportunity to show cause within 30 days why this case should not be dismissed as frivolous because the statute of limitations has run.  See *Myers v. Vogal*,

960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days to show cause why this case should not be dismissed as frivolous because the statute of limitations has run. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

2. The Clerk's office is directed to set a pro se case management deadline in this matter with the following text: **January 30, 2025**: check for response to show cause order.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files a response to this Memorandum and Order.

Dated this 31st day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge